ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, Anita Rice ("appellant"), appeals from the trial court's decision granting summary judgment to appellee, Liberty Mutual Fire Ins. Co. ("Liberty"), in consolidated cases for UIM coverage under policies issued to appellant's employers for injuries she sustained in a motor vehicle accident. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} In August 2002, appellant filed a complaint against her automobile insurer, Progressive Max Ins. Co. ("Progressive"), and others, including Liberty, seeking to recover damages she sustained in a motor vehicle accident that occurred in November 1998 with tortfeasor, Richawn Spears. At the time of the accident, appellant was operating her personally owned Ford Explorer, but was in the course and scope of her employment with East Ohio Gas Company ("East Ohio") because she was on her way to a business seminar.
 {¶ 3} The tortfeasor was insured for $12,500 and appellant had $100,000 in UIM coverage available to her under her personal Progressive policy. Between the tortfeasor's liability coverage and her own UIM coverage through Progressive, appellant recovered $100,000 ($12,500 from the tortfeasor and $87,500 from Progressive). Because appellant claimed to have been inadequately compensated for her loss, she sought further recovery under the UIM provisions of the Liberty policy, which policy was issued to Consolidated Natural Gas ("Consolidated") and its subsidiary, East Ohio.
 {¶ 4} Appellant's suit against Progressive and others, including Liberty, was consolidated with a subrogation action filed previously by appellant's personal automobile carrier, Progressive, against the tortfeasor. Appellant later settled and dismissed her claims against the tortfeasor and Progressive. Another defendant, Federal Insurance Co., prevailed on a motion for summary judgment. Thereafter, only appellant's claims against Liberty remained in the suit.
 {¶ 5} The trial court granted Liberty's motion for summary judgment, finding that UIM coverage limits on the Liberty policy issued to appellant's employer, East Ohio, were lawfully reduced to $100,000. The trial court also found that because appellant had already recovered this amount in her settlements with the tortfeasor and Progressive, the anti-stacking provisions barred any right to coverage under the Liberty policy. Appellant now appeals, asserting that the trial court erred in granting summary judgment to Liberty on the basis of the anti-stacking provisions. Liberty also asserts a cross-assignment of error that the trial court erred in failing to find that the Liberty policy limits UIM coverage to accidents in company-owned vehicles.
 {¶ 6} Appellant argues that the UM/UIM selection/reduction/rejection form does not comply with the requirements of Linko v. Indemnity Ins. Co. of North America,90 Ohio St.3d 445, 2000-Ohio-92, 739 N.E.2d 338. As a result, appellant asserts that the UM/UIM coverage arises by operation of law and the coverage limits under the Liberty policy are $2,000,000, meaning that the anti-stacking provisions are irrelevant since appellant has not recovered the limits.
 {¶ 7} First, in support of her argument, appellant asserts that East Ohio is not a named insured (but is an insured) under the Liberty policy and that as required by Linko, Liberty failed to offer UM/UIM coverage to its insured, East Ohio. In other words, appellant contends that it was insufficient for a representative of Consolidated to select/reduce/reject UM/UIM coverage on behalf of its subsidiary, East Ohio — only East Ohio itself could have selected/reduced/rejected UM/UIM coverage. This contention lacks merit.
 {¶ 8} The applicable version of R.C. 3937.18(C) as modified by H.B. 261 and as published in 1998 provides in pertinent part:
 {¶ 9} "* * * A named insured's or applicant's written, signed rejection of both coverages as offered under division (A) of this section, or a named insured's or applicant's written, signed selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be effective on the day signed, shall create a presumption of an offer of coverages consistent with division (A) of this section, and shall be binding on all other named insureds, insureds, or applicants."
 {¶ 10} Because Consolidated selected the UIM coverage to be limits of $100,000, its signature is binding on all other named insureds, insureds (such as East Ohio), or applicants. Without evidence that East Ohio makes insurance and risk management decisions independent of its parent company, Consolidated, appellant's contention that Consolidated lacks authority to purchase insurance for itself and its subsidiaries lacks merit.
 {¶ 11} Second, in support of her argument, appellant argues that the actual UM/UIM selection/reduction/rejection form attached to the Liberty policy does not comply with the requirements of R.C. 3937.18, nor Linko. In particular, appellant asserts that the affidavit of Carol Kreider, an employee of Consolidated, averring that she was involved in the risk management of Consolidated at the time the UM/UIM selection/reduction/rejection form was signed by a representative of Consolidated should not be considered as evidence that East Ohio authorized the selection of $100,000 limits of UIM coverage. However, appellant's assertion is without merit.
 {¶ 12} To satisfy the offer requirement of R.C. 3937.18(A), an insurer must inform the insured, in writing, of the availability of UM/UIM coverage, set forth the premium for that coverage, include a brief description of the coverage, and expressly state the policy limits for UM/UIM coverage. Linko,90 Ohio St.3d at 447-48, 2000-Ohio-92, 739 N.E.2d 338. Here, the UM/UIM selection/reduction/rejection form attached to the Liberty policy is in writing, contains the requisite premium information, and is signed by the named insured's authorized representative. The UM/UIM coverage is selected with a $100,000 limit and signed by a representative of Consolidated. As stated above, this selection is binding upon all other named insureds, insureds (such as East Ohio), and applicants. As a result, the trial court properly granted summary judgment to Liberty, as the anti-stacking provisions in the Liberty policy mandate that appellant cannot recover more than the limits of the Liberty policy, which is $100,000. Thus, the decision of the trial court is affirmed.[1]
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., Concurs.
Blackmon, J., Dissents with separate Opinion.
[1] Although Liberty's cross-assignment of error has merit, arguing that the trial court erred by not specifically finding that the "owned autos only" language in the Liberty policy precludes appellant from asserting a claim for UIM coverage when the accident occurred while she was operating her personal vehicle, such error does not require this court to remand it back to the trial court to make the finding.